# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BENNIE PINO,

      Plaintiff,

vs.                                                    No. CV 19-00835 MV/GBW

LIEUTENANT SOLICE and
OFFICER PRICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the Tort Complaint for Damages filed by Plaintiff Bennie Pino. (Doc. 1) ("Complaint").

Plaintiff filed his Complaint under 42 U.S.C. § 1983. (Doc. 1). The Complaint seeks relief and damages on the grounds that, while incarcerated, Plaintiff was subjected to harassment and discrimination when correctional officers called him names and made rude remarks. (Doc. 1). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint. The Court entered an Order to Cure Deficiency on March 22, 2021, directing Plaintiff to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 4). With the Order to Cure, the Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 4 at 2). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 4 at 1).

The Court may dismiss a proceeding under Rule 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Pro se litigants are also required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Here, Plaintiff did not comply with the Court's March 22, 2021 Order. More than 30 days elapsed after entry of the Court's Order to Cure Deficiency and Plaintiff did not pay the filing fee, submit an application to proceed under § 1915 in proper form, or otherwise communicate with the Court. Further, Plaintiff was required under Local Rule 83.6 to keep the Court advised as to their current address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. As the copy of the Court's March 22, 2021 Order sent to Plaintiff at his address of record has been returned to the Court as undeliverable, (Doc. 5), it is clear that Plaintiff has not met his obligation to keep the Court apprised of his proper mailing address and has not communicated or maintained any contact with the Court. Accordingly, the Court will dismiss this proceeding for failure to comply with 28 U.S.C. §§ 1914, 1915, Rule 83.6, and the Court's Order of March 22, 2021, and for failure to prosecute this proceeding.

**IT IS ORDERED** the Tort Complaint for damages filed by Plaintiff Bennie Pino (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to prosecute, to comply with 28 U.S.C. §§ 1914 and 1915, Local Rule 83.6, and the Court's March 22, 2021 Order.

_____
UNITED STATES DISTRICT JUDGE